IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LASHAWN BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:11-00268 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| GAYLE RAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Lashawn Booker, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Tennessee Department of Corrections officers and employees including Gayle Ray, former Commissioner of the Tennessee Department of Corrections ("TDOC") and Jason Woodall, TDOC's director of Internal Affairs. Plaintiff's claims arise out of a Lauderdale County Court arrest warrant that Plaintiff contends, lacked a factual basis and violated her Fourth Amendment right to be free from unreasonable search and seizure and arrest without probable cause. Plaintiff also asserts violations of her due process right under the Fourteenth Amendment not to be deprived of liberty without due process of law.

Before the Court is Defendants Ray's and Woodall's motion to dismiss (Docket Entry No. 33) contending that Plaintiff's complaint fails to state a claim for which relief may be granted against them. Plaintiff has filed a response. (Docket Entry No. 47).

For the reasons set forth below, the Court concludes that the Plaintiff's complaint asserts only conclusory allegations against the Defendants Ray and Woodall. Such allegations are legally insufficient to state plausible claims against these supervisory Defendants.

1

## A. Analysis of the Complaint

Plaintiff's only allegations against Defendants Ray and Woodall in her complaint are as follows[1]:

> 49. Defendants Ray and Woodall are responsible for the promulgation of policies reasonably necessary to ensure that their subordinates act in compliance with clearly established law.
>
> 50. At all relevant times to this action, defendants Ray and Woodall exercised supervisory authority over defendants Miller, England, and John Does #1 and #2.
>
> 51. Defendants Ray and Woodall failed to promulgate policies reasonably necessary to ensure that their subordinates acted in compliance with clearly established law.
>
> 52. Defendants Ray and Woodall failed to adequately supervise and train their subordinates, and as a direct and proximate result of this failure to train and supervise, Mrs. Booker was wrongfully searched and arrested.

(Docket Entry No. 1, Complaint, ¶¶ 49-52).

## B. Conclusions of Law

The failure to train law enforcement officers is actionable by citizens under § 1983 only if the supervisor's failure to train amounts to deliberate indifference and such indifference is the cause of the injury. City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989). In Walker v. Norris, 917 F.2d 1449, 1455-56 n.10 (6th Cir. 1990), the Sixth Circuit explained that for supervisory liability, the fact "that a particular officer may be unsatisfactorily trained will not alone suffice" nor would proof of "a faulty training program." Id. at 1455-56 (quoting City of

---

[1] In Plaintiff's Memorandum in Response to Defendants' motion to dismiss (Docket Entry No. 47), Plaintiff contends that claims ¶ 43 through ¶ 47 also refer to Defendants Ray and Woodall, however the Court notes that these paragraphs refer to allegations in ¶ 25 through ¶ 32 that do not include any references to Defendants Ray and Woodall.

Canton Ohio v. Harris, 489 U.S. 378 (1989)); Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 694-695 (1978).

Here, the Plaintiff has not alleged any facts to suggest any deliberate indifference in the Defendants Ray's and Woodall's training of their subordinates on conducting searches or on making arrests. Plaintiff's only allegations against Ray and Woodall are that they "failed to promulgate policies reasonably necessary to ensure that their subordinates acted in compliance with clearly established law," and "failed to adequately supervise and train their subordinates, and as a direct and proximate result of this failure to train and supervise, Mrs. Booker was wrongfully searched and arrested."

"[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). Accord Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). In Oliver v. St. Luke's Dialysis, LLC, No. 1:10-cv-2667, 2011 WL 1326251 (N.D. Ohio Apr. 5, 2011), the Court granted the defendant's motion to dismiss for failure to state a claim, finding that:

> Oliver's complaint states no factual matter that, if accepted as true, would state a claim for failure to train. The complaint offers only the legal conclusion that the Defendants failed in their duty to train, educate, or supervise employees to make decisions on a nondiscriminatory basis.

Id. at *4.

The Court concludes that Plaintiff's allegations are legal conclusions, and are not entitled to the assumption of truth in the Court's analysis of the motion to dismiss. Given Plaintiff's conclusory allegations against Defendants Ray and Woodall, Plaintiff fails to state a claim against these Defendants.

Accordingly, Defendants Ray's and Woodall's motion to dismiss (Docket Entry No. 33) should be granted and Plaintiff's complaint against Defendants Ray and Woodall should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the 23rd day of September, 2011.

WILLIAM J. HAYNES, JR
United States District Judge